UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE MCGHEE,

        Petitioner,        Case No. 1:12-cv-206

v.        Honorable Robert Holmes Bell

WILLIE O. SMITH,

        Respondent.
_____/

**OPINION**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner Robert Lee McGhee is presently incarcerated with the Michigan Department of Corrections at the Carson City Correctional Facility. In 2008, he was charged with several offenses in connection with the robbery of a gas station in Dearborn, Michigan. Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of felon-in-possession, Mich. Comp. Laws § 750.224f, armed robbery, Mich. Comp. Laws § 750.529, and felony-firearm, Mich. Comp. Laws § 750.227b. Petitioner had also been charged with possession of marijuana, but the trial court dismissed that charge due to lack of evidence. Petitioner was sentenced as a habitual offender, Mich. Comp. Laws § 769.11, to 2 to 10 years of imprisonment for felon-in-possession, 18 to 50 years for armed robbery, and 10 years for felony-firearm. The circuit court entered its judgment of conviction and sentence on August 14, 2009. Plaintiff appealed his conviction to the Michigan Court of Appeals and to the Michigan Supreme Court. On February 1, 2011, the Michigan Court of Appeals issued an opinion examining Petitioner's claims on the merits and affirming the conviction. The Michigan Supreme Court denied leave to appeal on July 25, 2011, because it was not persuaded that the questions presented should be reviewed by that court. This Court received Plaintiff's original petition (docket #1) on March 5, 2012, and an amended petition (docket #6) on April 10, 2012.[1]

In his amended petition, Petitioner raises the following claims, which he asserts were raised on appeal to the Michigan Court of Appeals and to the Michigan Supreme Court:

---

[1] The Court required Petitioner to file an amended petition because the original petition did not use the requisite form. The amended petition (docket #6) does not specify Petitioner's claims; instead, it refers to the memorandum (docket #2) attached to the original petition. Thus, Court construes the amended petition to incorporate the claims stated in the memorandum.

    I.    DID THE TRIAL COURT VIOLATE THE PETITIONER'S CONSTITUTIONAL RIGHTS TO A FAIR TRIAL AND DUE PROCESS WHERE THERE WAS A REFUSAL TO INSTRUCT ON THE LESSER INCLUDED OFFENSE OF UNARMED ROBBERY WHERE THERE WAS A FACTUAL DISPUTE AS TO WHETHER OR NOT PETITIONER WAS TRULY ARMED?

    II.    DID THE TRIAL COURT VIOLATE THE PETITIONER'S SIXTH AMENDMENT CONSTITUTIONAL RIGHT TO COUNSEL WHERE THE TRIAL COURT CONDITIONED AN ATTORNEY'S WITHDRAWAL UPON A SUBSTITUTE OR REPLACEMENT FROM THE SAME OFFICE OR FIRM?

    III.    DID THE STATE'S AGENT ACT IN BAD FAITH THUS VIOLATING THE PETITIONER'S DUE PROCESS RIGHTS TO A FAIR TRIAL WHERE THE STATE PROCEEDED WITH A CHARGE OF POSSESSION OF MARIJUANA DESPITE KNOWING THAT THERE WAS NO EXPERT TESTIMONY AVAILABLE MAKING THE CHARGE IMPOSSIBLE TO PROVE BEYOND A REASONABLE DOUBT?

    IV.    DOES THE PETITIONER'S CONSECUTIVE SENTENCE FOR BOTH FELON IN POSSESSION OF A FIREARM AND FELONY FIREARM CONSTITUTE MULTIPLE PUNISHMENT FOR THE SAME OFFENSE IN VIOLATION OF THE CONSTITUTIONAL PROTECTIONS AGAINST DOUBLE JEOPARDY?

(Mem. in Support of Pet., docket #2, Page ID#5.)

### Standard of Review

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Bailey*, 271 F.3d at 655; *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). The inquiry is "limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time [the petitioner's] conviction became final." *Onifer v. Tyszkiewicz*, 255 F.3d 313, 318 (6th Cir. 2001); *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).

A decision of the state court may only be overturned if (1) it applies a rule that contradicts the governing law set forth by the Supreme Court; (2) it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result; (3) it identifies the correct governing legal rule from the Supreme Court precedent but unreasonably applies it to the facts of the case; or (4) it either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend a principle to a context where it should apply. *Bailey*, 271 F.3d at 655 (citing *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694; *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Id.* at 410.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429; *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989). Applying the foregoing standards under the AEDPA, the Court concludes that Petitioner is not entitled to relief.

## Discussion

### I.  Ground I: Lesser-included offense instruction

Petitioner contends that the trial court erred by refusing to give a jury instruction on the lesser-included offense of unarmed robbery, because there was a factual dispute as to whether Petitioner was armed. Crystal Comini, the clerk at the gas station where the robbery occurred, testified that she saw Petitioner reach for a gun in his pocket and point it at her while she was processing his purchase. She also testified, however, that she did not see any point on a video of the incident where Petitioner pointed a gun at her. An officer also testified that he did not see any point

on the video were a gun was pointed at the clerk. Finally, Comini testified that she saw a silver gun, but the only gun recovered from Petitioner was blue.

Under Michigan law, a person is guilty of *armed*, as opposed to unarmed, robbery if

> in the course of engaging in [the robbery], [he/she] possesses a dangerous weapon or an article used or fashioned in a manner to lead any person present to reasonably believe the article is a dangerous weapon, or who represents orally or otherwise that he or she is in possession of a dangerous weapon . . . .

Mich. Comp. Laws § 750.529. Reviewing this claim on appeal, the Michigan Court of Appeals opined that:

> [A] rational view of the evidence did not support an instruction on unarmed robbery. Comini testified that she saw defendant pointing a silver revolver at her when he told her to give him the money in the register. The video showed defendant taking something out of his right pocket and holding it in his right hand by his right side. Just because the gun was not clearly visible in the video does not mean that defendant was unarmed. His actions indicated that, at the very least, he was holding something in a manner to induce a reasonable belief that he was holding the gun. Moreover, police officers discovered a revolver in the blue van registered to defendant. Although the police officers described the color of the revolver as blue and not silver, the discovery of the revolver in defendant's vehicle provides further support for Comini's testimony since defendant at least had access to a revolver that he could have used to commit the robbery. Taken together, there was significant evidence that defendant was armed for purposes of armed robbery. As a result, the trial court did not err in refusing to instruct the jury regarding unarmed robbery.

*People v. McGhee*, No. 294140, slip op. at 2-3 (Mich. Ct. App. Feb. 1, 2011).

The Sixth Circuit has concluded that the failure to give an instruction on a lesser-included offense, even when requested by counsel, is not of the "character or magnitude which should be cognizable on collateral attack." *Bagby v. Sowders*, 894 F.2d 792, 797 (6th Cir. 1990). The court in *Bagby* held that failure to instruct on lesser-included offenses in a noncapital case is reviewable in a habeas corpus action only if the failure results in a miscarriage of justice or constitutes an omission inconsistent with the rudimentary demands of fair procedure. *Id.*; *accord*

*Tegeler v. Renico*, 253 F. App'x 521, 524 (6th Cir. 2007); *Todd v. Stegal*, 40 F. App'x 25, 28-29 (6th Cir. 2002); *Scott v. Elo*, 302 F.3d 598, 606 (6th Cir. 2002); *Campbell v. Coyle*, 260 F.3d 531, 541 (6th Cir. 2001); *Samu v. Elo*, 14 F. App'x 477, 479 (6th Cir. 2001); *Williams v. Hofbauer*, 3 F. App'x 456, 458 (6th Cir. 2001). Shortly after the Sixth Circuit's decision in *Bagby*, the Supreme Court emphasized that the fact that an instruction was allegedly incorrect under state law is not a basis for habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991) (citing *Marshall v. Lonberger*, 459 U.S. 422, 438 n.6 (1983)). Instead, the only question on habeas review is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Id.* at 72 (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973), *cited in Todd*, 40 F. App'x at 29). Here, there is no indication of a miscarriage of justice or a fundamental defect in due process. Furthermore, no clearly established Supreme Court authority requires lesser-included offense instructions in non-capital cases. *See Draper-El v. Doom*, Nos. 09–6289, 09–6290, 2012 WL 806198, at *1 (6th Cir. Mar. 13, 2012) ("The Supreme Court has never held that due process requires lesser-included offense instructions in non-capital cases.") (citing *Coyle*, 260 F.3d at 541). Thus, under the AEDPA, 28 U.S.C. § 2254(d)(1), the claim in Ground I of the petition is not a basis for habeas relief.

## II.     Ground II:  Appointment of substitute counsel

Petitioner claims that he was denied his Sixth Amendment right to effective assistance of counsel when the trial court conditioned withdrawal of his appointed counsel on replacement with counsel from the same office, i.e. the public defender's office. Petitioner contends that he sought to have his original counsel withdrawn because "there was a conflict of interest that apparently originated out of the petitioner's desire to proceed to trial with his case." (Mem. in Support of Pet.,

docket #2, Page ID#13.) The trial court granted Petitioner's request, but told counsel "just tell them they've got to pass it to somebody else in your office." (*Id.*) Subsequently, another attorney from the public defender's office was assigned to represent Petitioner. Petitioner contends that he was prejudiced because "counsel from the same office would be bias[ed] towards the petitioner." (*Id.*) Petitioner asserts that "all members of the same office would practice under the same principles, beliefs and ideologies." (*Id.* at Page ID#14.)

The Michigan Court of Appeals reviewed Petitioner's claim under the standard in *Strickland v. Washington*, 466 U.S. 668 (1984). *See McGhee*, slip op. at 3. In *Strickland*, the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. *Id.* at 687-88. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Id.* A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691. Prejudice is presumed,

however, and Petitioner is not required to show that the outcome of the trial would have been different, if counsel is shown to have been burdened by an actual conflict of interest. *Strickland*, 466 U.S. at 692 (citing *Cuyler v. Sullivan*, 446 U.S. 335, 345-50 (1980)). Yet, "[p]rejudice is presumed only if the defendant demonstrates that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.'" *Id.* (quoting *Sullivan*, 446 U.S. at 350).

The court of appeals rejected Petitioner's claim because it determined from its review of the record that there was no conflict of interest resulting from the withdrawal of Petitioner's original counsel and the appointment of new counsel from the public defender's office. *See McGhee,* slip op. at 4. The court also reasoned that, even if there was a conflict, Petitioner failed to show that it adversely affected his counsel's performance at trial. *Id.* The Court discerns no error in the decision of the state court. Petitioner does not contend, per *Sullivan*, that his appointed attorneys "actively represented conflicting interests." 446 U.S. at 350. Petitioner merely contends he disagreed with his first attorney, and then speculates that other attorneys from the same office "would practice under the same principles, beliefs and ideologies." (Mem. in Support of Pet. 7, docket #2, Page ID#14.) There is no indication, however, that Petitioner's newly-appointed counsel did, in fact, disagree with Petitioner; counsel did represent Petitioner throughout the trial proceedings. Assuming there was a conflict, however, there is no clearly-established Supreme Court precedent recognizing the sort of conflict raised by Petitioner as a basis for a Sixth Amendment claim. *See Mickens v. Taylor*, 535 U.S. 162, 175 (2002); *Jalowiec v. Bradshaw*, 657 F.3d 293, 314-15 (6th Cir. 2011) ("[T]he Supreme Court has thus far applied the *Sullivan* prejudice presumption only in the case of a conflict of interest arising from multiple concurrent representation of defendants

. . . .") (citing *Stewart v. Wolfenbarger*, 468 F.3d. 338, 350 (6th Cir. 2006)). In addition, Petitioner fails to identify any manner in which his representation was adversely affected by the purported conflict; thus, Petitioner has not satisfied the prejudice prong of an ineffective-assistance claim. *See Sullivan*, 446 U.S. at 350. Therefore, the Court concludes that Petitioner's claim in Ground II of the petition is without merit.

### III. Ground III: Prosecutorial misconduct

Petitioner claims that the prosecutor engaged in bad faith when it charged Petitioner with a misdemeanor for possession of marijuana, because it lacked sufficient evidence to convict him of this charge. Petitioner asserts that the prosecution knowingly produced false and misleading testimony from an officer concerning Petitioner's possession of marijuana at the time of his arrest. The trial court dismissed the marijuana charge; nevertheless, Petitioner claims that the prosecutor's conduct violated his right to due process.

Misconduct by a prosecutor can rise to the level of a due process violation. *Lundy v. Campbell*, 888 F.2d 467, 474 (6th Cir. 1989). However, for habeas relief to be available,

> the misconduct must have so infected the trial with unfairness as to make the resulting conviction a denial of due process. Even if the prosecutor's conduct was improper or even universally condemned, we can provide relief only if the statements were so flagrant as to render the entire trial fundamentally unfair.

*Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004) (quoting *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003)). The habeas court must consider the extent to which the claimed misconduct tended to mislead the jury or prejudice the petitioner, whether it was isolated or extensive, and whether the claimed misconduct was deliberate or accidental. *See United States v. Young*, 470 U.S. 1, 11-12 (1985). In addition, the court may view any misconduct in light of the strength of the

competent proofs tending to establish guilt. *See Angel v. Overburg*, 682 F.2d 605, 608 (6th Cir. 1982) (*en banc*). "When a petitioner makes a claim of prosecutorial misconduct, 'the touchstone of due process analysis . . . is the fairness of the trial, not the culpability of the prosecutor.'" *Serra v. Mich. Dep't of Corr.*, 4 F.3d 1348, 1355 (6th Cir. 1993) (quoting *Smith v. Phillips*, 455 U.S. 209, 219 (1982)).

The court of appeals rejected Petitioner's claim as moot because the marijuana charge was dismissed by the trial court. *McGhee*, slip op. at 5. Similarly, in the habeas context, the Court cannot grant relief with respect to a charge that has no impact on Petitioner's present confinement. *See* 28 U.S.C. § 2254(a) (noting that the writ of habeas corpus is available to "a person in custody pursuant to the judgment of a State court" if that person "is in custody in violation of the Constitution or laws or treaties of the United States"); *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."). Petitioner does not indicate how the prosecution's conduct prejudiced him, if at all. He does not contend, for instance, that the dismissed marijuana charge denied him a fundamentally fair trial for the charges on which is confinement is based. There is, thus, no basis on which to grant habeas relief for Petitioner's prosecutorial misconduct claim. Therefore, ground III of the petition is denied because it does not state a meritorious federal claim.

**IV:** **Ground IV: Double jeopardy**

Petitioner also contends that the cumulative sentences for his convictions of felon-in-possession and felony-firearm constitute double jeopardy in violation of the Fifth Amendment. The Double Jeopardy Clause provides that "[n]o person shall . . .. be subject for the same offence to be

twice put in jeopardy of life or limb . . . ." U.S. Const. amend. V. Among other things, the Clause protects against multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165 (1977). "Where consecutive sentences are imposed at a single criminal trial, the role of the constitutional guarantee is limited to assuring that the court does not exceed its *legislative authorization* by imposing multiple punishments for the same offense." *Id.* (emphasis added). Thus, whether punishments are "multiple" under the Clause is essentially a question of legislative intent. *Ohio v. Johnson*, 467 U.S. 493, 499 (1983); *Missouri v. Hunter*, 459 U.S. 359, 366-68 (1983). When assessing the intent of a state legislature, a federal court is bound by a state court's construction of that state's own statutes. *See Hunter*, 459 U.S. at 368; *O'Brien v. Skinner*, 414 U.S. 524, 531 (1974). Similarly, when evaluating whether a state legislature intended to prescribe cumulative punishments for a single criminal incident, the Court is bound by a state court's determination of the legislature's intent. *See Ohio v. Johnson*, 467 U.S. at 499. "Even if the crimes are the same . . . if it is evident that a state legislature intended to authorize cumulative punishments, a court's inquiry is at an end." *Id.* at 499 n.8 (citation omitted). The Michigan Court of Appeals rejected Petitioner's double jeopardy claim as follows:

> "The power to define a crime and fix punishment is legislative, and the constitutional prohibition against double jeopardy is not a limitation on the legislature." *People v. Calloway*, 469 Mich. 448, 451; 671 NW2d 733 (2003). Whether multiple punishments violate the prohibition against double jeopardy depends upon the intent of the Legislature. *Id.* at 450. Even if the crimes are the same, if the Legislature intended to authorize cumulative punishments, imposition of cumulative punishments does not violate double jeopardy. *Id.* at 451. The Michigan Supreme Court held that being convicted of both felon in possession of a firearm and felony-firearm does not violate double jeopardy protections because the Legislature, by not expressly listing felon in possession of a firearm in the exceptions to the definition of felony-firearm, intended for those convicted of felon in possession of a firearm to receive cumulative punishments under the felony-firearm statute. *Id.* at 452.

*McGhee*, slip op. at 7. The court of appeals' decision is consistent with *White v. Howes*, 586 F.3d 1025 (6th Cir. 2009), wherein the Sixth Circuit rejected a double-jeopardy claim based on convictions under the same statutes at issue in Petitioner's case. *See id.* at 1026, 1030 (holding that consecutive sentences for being a felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and for possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b, for the same offense did not violate the Double Jeopardy Clause because "the highest state court has found a legislative intent to punish under both statutes"). Thus, the Court concludes that Ground IV of the petition fails to raise a meritorious federal claim.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was

"intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.

Dated: May 4, 2012 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE